IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMAAL NELSON,<br><br>    **Plaintiff,**<br><br>-v-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and CAPITAL ONE BANK (USA), N.A.,<br><br>    **Defendant.** | Civil Case Number: **2:23-cv-01634-RMG**<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Jamaal Nelson, the Plaintiff in this case, is very much alive. Nonetheless, Experian supplied credit reports with tradelines listing Plaintiff as deceased. Predictably, this has negatively impacted Mr. Nelson's life, specifically causing him to be denied housing.

2. Plaintiff, therefore, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian") and Capital One Bank (USA), N.A. ("Capital One") have negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by reporting him as deceased when he is clearly not.

3. Plaintiff further alleges Experian failed to follow reasonable procedures to ensure maximum accuracy of the credit reports it prepared concerning Plaintiff and that Experian and Capital One failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

-1-

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All Defendants regularly conduct business within the state of South Carolina and violated Plaintiff's rights under the FCRA in the state of South Carolina as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendants conduct business in this District, and communications giving rise to this action occurred in this District.

## PARTIES

7. Plaintiff, Jamaal Nelson ("Plaintiff"), is a resident of Summerville, South Carolina and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant Capital One Bank (USA), N.A. is a national bank with its headquarters located at 1680 Capital One Financial Corp Drive, Mclean, Virginia 22102.

## FACTUAL ALLEGATIONS

11. In or around February of 2023, Plaintiff applied for housing with Younger Developments.

12. To Plaintiff's dismay, on or about February 7, 2023, he received a denial letter from Younger Developments indicating that he was being denied the housing due to the results of his consumer credit report from Defendant Experian. Specifically, he was denied because "Applicant applied is showing deceased".

13. When Plaintiff checked his Experian credit report, he discovered that Experian was reporting as "Deceased" on a Capital One tradeline.

14. Plaintiff was understandably frustrated and appalled, as he was and is very much alive, and had previously disputed this erroneous information with Experian.

15. Upon information and belief, Capital One received notice of Plaintiff's previous dispute from Experian.

16. Despite his dispute, Experian refused to investigate, correct or remove the inaccurate Capital One tradeline from the Plaintiff's credit file. Instead, that information is still being reported to this day.

17. Notably, the Capital One account is reported on Plaintiff's Equifax and TransUnion credit reports, respectively. Neither of those reports note Plaintiff as deceased.

18. As a result of the erroneous reporting that Plaintiff was deceased on his Capital One trade line, Plaintiff was denied housing.

19. Upon information and belief, Experian and Capital One had all the information they needed to locate, investigate, and corrects this inaccurate information, but just failed to do so.

20. Experian and Capital One were each notified on Plaintiff's dispute, but refused to investigate and/or remove the inaccurate reporting.

21. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and

1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

22. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

23. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

24. As a direct and proximate result of Experian's willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports and to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life. For example, Plaintiff was denied housing due to these defamatory inaccuracies.

25. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

26. All preceding paragraphs are realleged.

27. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

28. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information that Plaintiff was 'deceased' from being reported on the Plaintiff's credit report.

29. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as set forth above.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**FAILURE TO INVESTIGATE**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

30. All preceding paragraphs are realleged.

31. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

32. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

33. Sometime prior to January of 2023, the Plaintiff initiated a dispute with Experian requesting that they correct and remove the items in his credit file that were patently inaccurate and damaging to him, namely that he was being reported as "deceased" on his Capital One tradeline.

34. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

35. Instead, Experian, after either conducting no investigation or failing to conduct a

reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

36. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## FAILURE TO INVESTIGATE
## 15 U.S.C. § 16812-2(b)
## AGAINST CAPITAL ONE

37. All preceding paragraphs are realleged.

38. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

39. Sometime prior to January of 2023, Plaintiff initiated a dispute with the credit bureau Experian disputing the accuracy of the account being reported by Capital One, namely that he was being reported as deceased.

40. Upon information and belief, Capital One received notice of this dispute from Experian.

41. Capital One was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

42. Even after the Plaintiff properly disputed this account with the Experian, Capital One refused to conduct a reasonable investigation and continued inaccurately reporting that Plaintiff was deceased on his Experian reports, despite the fact the this notation did not appear on Plaintiff's Equifax or TransUnion credit reports.

43. Capital One's conduct violated section 1681s-2(b) of the FCRA.

44. As a result of Capital One's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest; and

F. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 20, 2023                              Respectfully Submitted,

                                                   By:  **CONNOR LAW**

                                                   */s/ Andrew M. Connor*
                                                   Andrew M. Connor, Esq.
                                                   CONNOR LAW
                                                   South Carolina Bar ID 11191
                                                   1501 Belle Isle Avenue, Suite 110
                                                   Mount Pleasant, SC 29464
                                                   Tel: (843) 606-1578
                                                   Email: andrew@connor.law
                                                   *Counsel for Plaintiff*


                                                   Yitzchak Zelman, Esq.
                                                   MARCUS & ZELMAN, LLC
                                                   *Pro Hac Vice Forthcoming*
                                                   701 Cookman Avenue, Suite 300
                                                   Asbury Park, New Jersey 07712
                                                   Telephone: (732) 695-3282

Email: yzelman@marcuszelman.com
*Counsel for Plaintiff*

-8-