IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamaal Nelson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Experian Information Solutions, Inc., *et al.*, )<br>)<br>Defendant. )<br>) | C/A. No. 2:23-1634-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendant Experian Information Solutions, Inc. ("Defendant")'s motion for summary judgment (Dkt. No. 38). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

I. **Background**

Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et sec.* ("FCRA"). Plaintiff alleges that around February 2023 he applied for housing with Younger Developments in Texas. (Dkt. No. 1 at 2). Plaintiff alleges he was denied housing on February 7, 2023 because Defendant's consumer credit report reported Plaintiff as "Deceased" on a Capital One tradeline. (*Id.* at 3). Plaintiff alleges that Defendant failed to investigate the alleged inaccuracy. (*Id.*). Plaintiff alleges that due to his being denied housing in Texas he had to take a lower paying job in Florida where he paid higher rent. (Dkt. No. 42 at 27). Against Defendant, Plaintiff brings claims for (1) violation of the FCRA for failure to assure maximum possible accuracy and (2) violation of the FCRA for failure to investigate.

Defendant now moves for summary judgment. (Dkt. Nos. 38, 44). Plaintiff opposes in part. (Dkt. No. 42). Namely, Plaintiff does not oppose Defendant's motion as to his claim for failure to

investigate. *See generally* (Dkt. No. 42). Accordingly, the Court grants Defendant summary judgment on said claim. The only claim pertinent here, therefore, is Plaintiff's claim for failure to ensure maximum possible accuracy, including willful violation of the FCRA.

Defendant's motion is fully briefed and ripe for disposition.

## II.     Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.     Discussion

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Thus, a consumer reporting

agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy. *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). CRA does not impose strict liability on consumer reporting agencies for inaccuracies in reporting. *Id.* at 417. Instead, FCRA imposes liability for negligent noncompliance with the Act, and it allows for enhanced penalties for willful violations. *Id.*; *see* 15 U.S.C. §§ 1681n, 1681*o*.

A showing of malice or evil motive is not required to prove willfulness under the FRCA. *See, e.g., Stevenson v. TRW, Inc.,* 987 F.2d 288, 294 (5th Cir.1993); *Yohay v. City of Alexandria Employees Credit Union,* 827 F.2d 967, 972 (4th Cir.1987). The plaintiff must only show that the defendant "knowingly and intentionally committed an act in conscious disregard for the rights" of the consumer. *Pinner v. Schmidt,* 805 F.2d 1258, 1263 (5th Cir.1986).

Defendant argues that plaintiff's reasonable procedure claim fails because Defendant never furnished a consumer report to a third party with whom Plaintiff applied for credit. (Dkt. No. 38-1 at 10).

Reading all facts in a light most favorable to Plaintiff, the nonmoving party, the Court denies Defendant's motion on this claim. Plaintiff has put forth evidence that a week before he was allegedly denied housing in Texas, First Advantage/Resident Data performed a soft credit check with Defendant. (Dkt. No. 42-2 at 14). Plaintiff has put forward evidence that "Younger Developments" denied Plaintiff housing on the basis that he was "showing deceased" and directed Plaintiff to contact, *inter alia*, Defendant. (Dkt. No. 42-6 at 2). Plaintiff further testified that at this time, only Defendant indicated he had a "zero credit score" on the myFICO app and not "Equifax [or] TransUnion." (Dkt. No. 42-5 at 29). While Defendant has put forth evidence which, if credited, indicates that a soft credit check would not state Plaintiff was deceased, (Dkt. No. 44

3

at 6), Plaintiff has put forth the above evidence from which a reasonable juror could, though would not be required to, draw a contrary conclusion.

The Court grants, however, Defendant's motion as to willful violation of the FCRA. Evidence that Defendant acted willfully is "wholly lacking." *See Magill v. Gulf & W. Indus., Inc.,* 736 F.2d 976, 979 (4th Cir.1984). In support of a contrary finding, Plaintiff claims Defendant willfully violated the FCRA when it reported Plaintiff as deceased "based on a single, isolated, account." (Dkt. No. 42 at 30). Plaintiff puts forth no record evidence, however, supporting such a conclusion. *See id.* ("Dalton has not shown, for example, that CAI was aware that its subvendors relied upon informal legal opinions from court clerks.").

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment (Dkt. No. 38). The motion is **GRANTED** as to Plaintiff's failure to investigate claim and as to willful violation of the FCRA. The motion is otherwise **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 27, 2024
Charleston, South Carolina